**SECOND DIVISION
MILLER, P. J.,
MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 27, 2024**

# In the Court of Appeals of Georgia

A24A0729. ROBINSON v. THOMPSON.

MILLER, Presiding Judge.

In this discretionary appeal, Calvin Robinson appeals from the superior court's order affirming the Board of Review of the Georgia Department of Labor's ("the Board") decision which denied Robinson's petition for Pandemic Unemployment Assistance ("PUA") benefits. On appeal, Robinson argues that the superior court erred by affirming the Board's determination that he was ineligible for PUA benefits on the basis that his unemployment was not caused by the COVID-19 pandemic. For the reasons that follow, we agree and reverse the superior court's order.

> Judicial review of an administrative decision requires this Court to determine that the findings of fact are supported by 'any evidence' and examine the soundness of the conclusions of law that are based upon the findings of fact. And when we review a superior court's order in an

administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency. Importantly, we review legal conclusions de novo.

(Citations and punctuation omitted.) *Swarn v. Thompson*, 369 Ga. App. 321, 322 (893 SE2d 474) (2023). We note that the Commissioner of Labor has notified this Court that it "has decided not to submit a brief in response to [Robinson]'s brief." In the absence of a brief from the Commissioner, we are entitled to assume that the Commissioner is satisfied with Robinson's presentation of the case and the material facts relevant to the appeal. Court of Appeals Rule 25 (a) (5) & (b). And, although judicial review of an administrative decision requires us to review whether the record supports the final decision of the administrative agency, *Swarn*, supra, 369 Ga. App. at 322, the Commissioner's decision not to file a responsive brief requires us to accept Robinson's statement of material facts as undisputed. Therefore, we only consider "whether the administrative agency's conclusions are supported by any evidence, that is, whether they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." (Citations and punctuation omitted.) *Wexler v. Thompson*, 372 Ga. App. 63 ( ___ SE2d ___) (A24A0144; Decided June 24, 2024).

So viewed, the record shows that in early 2020, Robinson worked part-time as a team leader at a Chick-fil-A restaurant in the Macon, Georgia area while he attended Middle Georgia State University. Robinson was living in on-campus housing at the time. Between March and April of 2020, the University notified Robinson that he had to move out of the dorm during the first week of May 2020 because of the COVID-19 pandemic, and the University subsequently shut down due to the pandemic. Robinson testified that he could not find any other housing in the Macon area "due to COVID" and that his supervisor at Chick-fil-A told him that a leave of absence from work was not available. Robinson resigned from his position and moved 150 miles away to his parents' home in Atlanta because of the pandemic, but he testified that he would have remained at Chick-fil-A "but for the pandemic." He also testified that his work hours varied by week, that a curfew had been imposed requiring him to be home by 9 p.m., and that driving 300 miles per day under those conditions was not feasible.

Robinson subsequently filed a claim for unemployment insurance with the Department of Labor, which was denied. Robinson then filed a claim for PUA benefits, but that claim was also denied. Robinson sought review before a hearing officer for the Georgia Department of Labor, and following a hearing, the officer

determined that Robinson was ineligible for PUA benefits because his unemployment was due to "personal reasons due to relocation" and was unrelated to the COVID-19 pandemic. Robinson then appealed the hearing officer's determination to the Board, and the Board upheld the hearing officer's ruling.

Robinson sought review of the Board's decision in the Superior Court of Macon-Bibb County. Following a hearing,[1] the superior court entered an order adopting the facts in the Board's order and affirming the Board's decision to deny Robinson's petition for PUA benefits. Specifically, the superior court determined that Robinson's unemployment was the result of personal reasons and not the pandemic, and thus Robinson was not eligible for PUA benefits. This discretionary appeal followed.

In two related claims, Robinson argues that the superior court erred by affirming the Board's decision that he was ineligible for PUA benefits on the basis that his unemployment was not caused by the COVID-19 pandemic. We agree.

In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *Swarn*, supra, 369 Ga. App. at 324; see also 15 U. S.

---

[1] The transcript of the hearing is not included in the record on appeal.

C. 9001 § et seq. "Section 9021 of the CARES Act established the PUA, which provided benefits assistance to individuals who lost work or were unable to work because of the pandemic, and which was to be administered by the states." (Citation omitted.) *Swarn*, supra, 369 Ga. App. at 324. "PUA benefits were available from January 27, 2020 to September 6, 2021, and the program notably expanded eligibility for unemployment benefits to workers who would not otherwise qualify." (Citation omitted.) Id. "Under the provisions of the statute, PUA was available only to individuals who were ineligible for regular unemployment and self-certified to being otherwise able to work and available for work except they were unemployed, partially unemployed, or unable or unavailable to work for one of eleven reasons enumerated in the statute." (Citation and punctuation omitted.) Id. at 325. One of the eleven reasons identified under the Act is that "the individual has to quit his or her job as a direct result of COVID-19[.]" 15 U. S. C. § 9021 (a) (3) (A) (ii) (I) (ii). "Generally, an employee 'has to quit' within the meaning [15 U. S. C. § 9021 (a) (3) (A) (ii) (I) (ii)] only when ceasing employment is an involuntary decision compelled by COVID-19." (Citation and punctuation omitted.) *Simmons v. Ariz. Dept. of Economic Security*, 254 Ariz. 109, 112 (A) (518 P3d 769) (Ariz. Ct. App. 2022).

We conclude that the Board's determination that Robinson quit his job due to personal reasons rather than the COVID-19 pandemic was clearly erroneous in light of the undisputed evidence presented at the hearing which showed that Robinson quit his job as a direct result of the pandemic. Specifically, Robinson testified that he was forced to move out of his campus housing at Middle Georgia State University due to the pandemic, and he was forced to relocate 150 miles away to Atlanta because he could not find any other housing in the Macon area because of the pandemic. Robinson testified that his supervisor at Chick-fil-A informed him that a leave of absence was not available, driving 300 miles a day was not feasible, and he would have remained at Chick-fil-A if he did not have to move because of the pandemic. Based on this undisputed evidence,[2] Robinson quit his job as a direct result of the pandemic and was therefore entitled to PUA benefits under the CARES Act. See *Mahuwe v. Arizona Dept. of Economic Security*, No. 1 CA-UB 21-0148, 2023 WL 3364483, at *4 (Ariz. Ct. App. May 11, 2023) (applicant was eligible for PUA benefits as a result of the COVID-19 pandemic where the evidence showed that he had to quit his job as a rideshare driver because he was recovering from an asthma attack and was trying to minimize

---

[2] We note that there is no indication that the hearing officer found Robinson's testimony lacked credibility.

his risk of contracting the virus while awaiting a vaccination). See also *Swarn*, supra, 369 Ga. App. at 326 (the Board erred in ruling that the applicant was not eligible for PUA benefits because the applicant's uncontested evidence was sufficient to qualify her for benefits); *Hudson v. Butler*, 337 Ga. App. 207, 209 (786 SE2d 879) (2016) (stating that "Georgia has a strong public policy favoring payment of unemployment benefits to persons unemployed through no fault of their own[,]" and that "courts should liberally construe the provisions of the unemployment statutes in favor of the employee[.]") (citation and punctuation omitted). Compare *Sullivan v. Bd. of Review, Dept. of Labor*, 471 N.J. Super. 147, 156-157 (2022) (applicant was ineligible for PUA benefits because the evidence showed that he voluntarily left his job to seek a higher paying position and was not unemployed for reasons related to the COVID-19 pandemic). Consequently, the Board's determination that Robinson quit his job for personal reasons was clearly erroneous, and the superior court erred by affirming the Board's decision.

Accordingly, for the foregoing reasons, we reverse the superior court's order affirming the Board's decision to deny Robinson's petition for PUA benefits.

*Judgment reversed. Markle and Land, JJ., concur.*